## BELL *versus* LAMKIN.

A. having taken writs of error on sundry suits against him, B, C, D and E, became his sureties on the Bond. A. then executed a deed of trust to B, C, and D, of certain slaves, conditioned for " the payment of the judgments, in the event of their affirmance." Held, that such deed was not made alone for the indemnity of the three sureties named in it, so as to authorise them to appropriate the entire amount of property included therein to their separate liabilities, but that it went generally to the payment of the judgments.

This was a bill in Chancery, filed in Madison Circuit Court, by Lamkin against Bell. One John W. Bell having taken out writs of error on several judgments obtained against him, Lamkin and Bell, together with two other individuals, became his sureties, to the writ of error bonds. John W. Bell then executed to Lamkin and the two other sureties, a deed of trust of several slaves for securing the payment of the judgments in the event of their affirmance. In this deed, R. A. Bell was not included. Afterwards, on the affirmance of the several judgments taken up by error against John W. Bell, executions were levied on the slaves comprised in the trust deed, and they were sold. The judgments remaining unsatisfied in part, the balance was finally collected from Robert A. Bell and Lamkin. Lamkin now filed the present bill against the plaintiff in error, asserting that the deed of trust had been executed for the sole benefit of the parties named in it, and to indemnify them alone. That the property comprised in the deed of trust was sufficient to cover three-fourths of the amount of the judgments and that their affirmance had been procured by a fraudulent collusion between Robert A. Bell and the plaintiffs in the judgments.

The bill prayed that a decree should be rendered compelling Robert A. Bell to refund the amount collected from Lamkin, which the Chancellor decreed on the bill, answer and exhibits.

The plaintiff here assigns as error, that the Chancellor below erred in his decree, and that the same should have been rendered in his favor.

*Craighead*, for Plaintiff.

LIPSCOMB, C. J.—The facts of this case, so far as they are considered material, are these: one John W. Bell sued out four writs of error on judgments rendered against him; and Neal B. Rose, Francis Haynes, Robert A. Bell, the plaintiff in error in this case, and Griffin Lamkin, the defendant, became his securities in the bonds, for the writs of error, A deed of trust was executed to three of the securities, without naming Robert A. Bell, of several negroes for the purpose of securing the payment of the judgments should they be affirmed in the Supreme Court. "The deed directed that if the judgments, or any of them, should be affirmed, and the said John W. Bell should fail to pay and satisfy the whole or any part of them, within ten days after the said judgments, or either of them, may have been affirmed, then the trustees, or either of them, may proceed, after giving ten days notice of the time and place of sale, to sell so much of the aforesaid property as will be sufficient to pay and satisfy the judgments of the Supreme Court, and the money arising from such sale pay in discharge of the said judgments, together with all necessary costs and charges which may attend the proceedings, and after discharging said judgments and charges, return

the overplus, if any, to the said John W. Bell, his heirs or assigns," &c.

The judgments were all affirmed in the Supreme Court, and executions levied on the property included in the deed of trust: there was no attempt to sell it under the trust deed, but it was sold by the sheriff under and by virtue of the executions levied on it. By the sale of the property three of the judgments were satisfied, and a part of the fourth, leaving a balance of two thousand five hundred and forty eight dollars and sixty-seven cents, unsatisfied. A suit was instituted on the bond for the writ of error in the case, when the judgment was unsatisfied, against Haynes, Lamkin, and Robert A. Bell ; (the other security, NealB. Rose, having before become insolvent, was not sued :) judgment was recovered against them, and execution sued out for the balance. The sheriff collected the amount as nearly as he could, in equal proportions from the three against whom the judgment had been rendered, but not being able to make fully the amount of one-third from Haynes, he collected the deficiency of his part, from Lamkin and Robert A. Bell, making the amount paid by each of the two last, about one thousand and forty-seven dollars and forty cents. Lamkin then filed his bill against Robert A. Bell, the present plaintiff in error, alleging that the deed of trust was for the benefit of the three securities who had been named in it, and to indemnify them, and not for the benefit of the said Robert A. and that as the property so conveyed, sold for and satisfied more than three-fourths of the whole amount of the judgments affirmed, he prayed that Robert A. might be compelled to refund to him the amount col-

lected from him on the judgment, against himself, Robert A. and Haynes.

The bill further charged, that the judgments had been affirmed in the Supreme Court, by a fraudulent collusion, between John W. Bell, Robert A. Bell, and the plaintiffs in the judgment. The answer of Robert A. Bell denies all fraud and collusion, in procuring the affirmance of the judgments, and insisted that the property conveyed by the deed, was intended as much for his benefit as for the other securities. There was some testimony as to the intention of the parties, to the deed of trust; but not important to this investigation. The Chancellor decreed the relief prayed for in the bill; and it is now assigned for error, that there is error in this; that the bill should have been dismissed, with cost, in favor of the defendants, below, instead of decreeing the relief prayed for by the complainant. We presume that the Chancellor must have founded his decree on the assumed ground, that the deed of trust was one of special indemnity to the three securities, named them, and it is beyond question, that it was competent for John W. Bell to have so secured them, if he had been so disposed. If, however, this has not been done by the plain and express terms of the deed, it was not the province of the Chancellor, by a resort to a more liberal construction of the instrument, to so prefer their interest, at the expense of their co-security. Had the property been set apart by the deed, for the special indemnity of the three securities mentioned, and it had afterwards been sold for the debt that all were bound for, Chancery would have been constrained, reluctantly, to decree reimbursement to the favored securities. I say reluctantly, because the claims

of the other security, to be put on an equal footing with those sought to be preferred, would be very strong, and nothing but the imperious necessity of yielding to the express will of the maker of the deed, could justify postponing those strong claims to an equality of indemnity, when there was an equality of liability. Though the law will permit a debtor to prefer one creditor to another, Courts of Equity should closely scrutinize an effort, by a principal, to prefer one security to another. In this case, however, it seems to us, that the clear and obvious intention of John W. Bell, the maker of the deed, has been misconceived by the Chancellor in making his decree in the Court below. He agrees with three, out of four, of his securies, that certain property shall be set apart, not for their special indemnity, but as means of paying and satisfying the judgments, sought to be reversed, should they be affirmed; and the deed assumes nothing more than to place the property embraced by it, beyond the power and control of the maker, on the happening of the stipulated contingency. Without the deed, John W. Bell might have sold and disposed of his property, and put it beyond the reach of an execution, before the affirmance of the judgments by the Supreme Court. Had the trustees carried the deed into strict execution, and sold the property, they would have been bound to apply it in the same way, that its proceeds were appropriated on the sale by the Sheriff, and the three securities named could not have obtained any preference. We are, therefore, of opinion, that the decree of the Court below must be reversed, and the decree here entered, dismissing the bill with cost.